UNITED STATES of America, Plaintiff–Appellee,

v.

Rabiya AKHTER, Defendant–Appellant.

No. 01–50349.

D.C. No. CR–00–01001–MLR.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.[*]

Decided Jan. 25, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Rabiya Akhter appeals her 16–month sentence imposed following a guilty plea conviction for harboring an illegal alien, in violation of 8 U.S.C. § 1324. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Akhter contends that the district court erred when it applied the two level "vulnerable victim" enhancement, pursuant to U.S.S.G. § 3A1.1(b)(1), to her base offense level because: (1) there is no evidence that her victim was more vulnerable than the usual victims of the offense; and (2) the factor making her victim vulnerable, namely alienage, was a necessary prerequisite to the commission of harboring an illegal alien. We disagree.

■ We review de novo a district court's application of the Sentencing Guidelines and its finding of victim vulnerability for clear error. *See United States v. Castaneda*, 239 F.3d 978, 980 (9th Cir. 2001).

■ The record shows that the victim in this case was found to be "particularly susceptible to the criminal conduct" based on the surrounding circumstances of the crime, in addition to several of the victim's particular characteristics. *See* U.S.S.G. § 3A1.1(b)(1) comment. (n. 2) (stating a vulnerable victim is one who is "... otherwise particularly susceptible to the criminal conduct."); *United States v. Weischedel*, 201 F.3d 1250, 1254 (9th Cir.2000) (stating the "otherwise particularly susceptible" prong requires a sentencing court to consider the characteristics of the victim, the victim's reaction to the criminal conduct and the circumstances surrounding the criminal act). Upon review of the record, we conclude that the totality of the circumstances in this case support such a finding. *See United States v. O'Brien*, 50 F.3d 751, 756 (9th Cir.1995) ("The plain language of § 3A1.1 does not contain a requirement that the vulnerability must be present in only 'some victims of [the] of crime.' "); *Weischedel*, 201 F.3d at 1250 (stating the vulnerable victim analysis should "focus on the particular vulnerability of the individual victim's situation, rather than upon attributes common to a large segment of the population"). Accordingly, the district court did not clearly err.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.